UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GUADALUPE CANALES,

                Plaintiff,

    -against-

ABLE CROWN BUIDLING MAINTENANCE CO.,

                Defendants.
-------------------------------------------------------------X

Case No.: 16-CV-0346

**COMPLAINT**

Jury Trial Demanded

Plaintiff, GUADALUPE CANALES, by and through her attorneys THE SANTIAGO LAW FIRM, P.C., complaining of the Defendants ABLE CROWN BUILDING MAINTENANCE CO. (hereinafter "ABLE" or "Defendant") alleges as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action to recover monetary and affirmative relief based upon Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended, (hereinafter "Title VII"), 42 U.S.C. §2000e et seq., the Civil Rights Act of 1991 and New York State Human Rights Law, N.Y. Exec. Law section 296, et seq. (hereinafter, "NYSHRL"), and other appropriate rules, regulations, statutes and ordinances.

2. Defendant discriminated against Plaintiff by terminating her employment because of her sex and/or national origin

## II. JURISDICTION & VENUE

1. Jurisdiction of the Court over this controversy is based upon This court has jurisdiction over this action pursuant to 42 U.S.C. §2000e-5(f)(3).

1

3. This Court has jurisdiction over all state and local law claims brought in this action pursuant to 28 U.S.C. § 1367.

4. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 42 U.S.C. §2000e-5(f)(3) because the unlawful discriminatory conduct occurred within the County of Suffolk in the State of New York.

5. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

6. A substantial part of the events or omissions giving rise to this complaint occurred at, or around, Defendants ABLE place of business located within Suffolk County, New York.

7. Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff filed a timely charge of discrimination on February 13, 2015 with the New York State Division of Human Rights (hereinafter "NYSDHR"), which upon request issued a "Determination and Order of Dismissal for Administrative Convenience." NYSDHR filed a charge with the Equal Employment Opportunity Commission ("EEOC") on Plaintiff's behalf. Plaintiff brings this action within ninety (90) days of the receipt of a Notice of Right to Sue, issued by the EEOC on October 23, 2015. **Exhibit "A"**.

### IV. THE PARTIES

9. Plaintiff GUANALUPE CANALES was, at all times relevant herein, a domiciliary of the State of New York, residing in Suffolk County.

10. At all times relevant herein, Plaintiff was an "employee" within the meaning of 42 U.S.C. §2000e(f) and NYSHRL § 292(6).

2

11. At all times herein mentioned, Plaintiff is a Hispanic woman from El Salvador.

12. At all times relevant herein, Defendant ABLE is a California corporation authorized to do business in New York, maintaining a regional executive office at 708 Third Avenue, Suite 1020, New York, New York 10017.

13. Upon information and belief, ABLE provides commercial cleaning and janitorial services to the Smith Haven Mall in Lake Gove, New York.

14. At all times relevant herein, Defendant employed more than fifteen (15) employees.

15. At all times relevant herein, VENTURA RINCON was employed by ABLE and was Plaintiff's Manager. Upon information and belief, Mr. Rincon is a male of Dominican descent.

16. At all times relevant herein, RICHARD HUGHES was employed by ABLE and was Plaintiff's Division Manager.

## V. STATEMENT OF FACTS

17. Guadalupe Canales began her employment at Defendant's Smith Haven Mall location in our around March 2012 as a Housekeeping Manager.

18. Smith Haven Mall is located at 313 Smith Haven Mall, Lake Grove, NY 11755.

19. Throughout her employment, Plaintiff performed her job duties in a satisfactory manner.

20. Throughout her employment, Plaintiff's supervisor, VENTURA RINCON, targeted her and subjected her to undue scrutiny. He would regularly unduly criticize her and tell her that she was a "weak manager." Upon information and belief, he did not subject male supervisors or manager to the same treatment.

21. Upon information and belief, in or around early January 2015, an anonymous employee of Defendant used Smith Haven Mall's Human Resources Hotline to complain about national

origin discrimination by VENTURA RINCON; VENTURA RINCON discriminated against non-Dominican and non-white Hispanic workers by subjecting them to harassment and aggressive behavior.

22. In response to the above-referenced complaint, ABLE Division Manager RICHARD HUGHES emailed Plaintiff's supervisor, VENTURA RINCON on January 9, 2015 and stated, in sum and substance, "*I met with Mall Manager today to discuss some issues…Someone has been using Simons HR network to vent some of their problems. This is an unacceptable activity and must stop. If this continues and we learn who is doing it. Serious disciplinary will take place. The employees have the union to vocalize their problems as well as ABLE management such as myself to meet with them to hear their issues.*"

23. In or around early February 2015, another anonymous complaint about Defendant ABLE was filed using the Smith Haven Mall's anonymous Human Resources hotline.

24. On February 9, 2015, Simon issued an "Alertline System Report" documenting the anonymous telephonic complaint. The "subject" of the complaint is listed as ABLE manager Rincon Ventura, and the report's summary section describes the allegations made during the anonymous call: "Rincon Ventura retaliated against employees for calling the hotline. Rincon assaulted Jose Salas." The February 9th report lists the caller as anonymous, but lists the witnesses to the complained-of incident as Plaintiff CANALES and Jose Salas. A detailed outline of the anonymous caller's full complaint can be found in the "Report Details" section:

> *In January of 2015, the caller called the hotline to report that Rincon Ventura treated employees rudely and unfairly. The caller did not retain his/her report identification number.* **Since that time, Rincon has retaliated against the caller and the other employees by shouting at them**

4

> *and threatening to terminate them.* For example, Rincon told the employees to report to work early because he "did not want to see them." Guadalupe Canales is in fear of Rincon because in January, Rincon deliberately exposed Guadalupe to cleaning chemicals by asking her to speak with him in a room where such chemicals were present. Guadalupe suffered a sore throat after being in the room with the chemicals. On February 9, Rincon challenged Jose Salas to a physical conflict. Rincon appeared to believe that Jose was responsible for the calls to the hotline. Jose refused to leave the facility, and nothing further occurred. Rincon has also accused the caller of calling the hotline, but he has not challenged the caller to any physical conflicts. *The caller said he/she and the other employees are therefore in active physical danger from Rincon*

25. On February 11, 2015, only two days after the February 9, 2015 Alertline System Report was released listing Plaintiff as a witness, Plaintiff was terminated by Defendant. Plaintiff was provided with a Termination Notice on February 16, 2015. The Termination Notice is signed by ABLE Supervisor VENTURA RINCON and includes the stated reason in the "Notes" section as: "I will be Dissatisfied with your job."

26. Several male coworkers were involved in the Human Resource hotline complaints. Upon information and belief, none of the male coworkers were terminated or in any way disciplined for their involvement in the hotline complaints.

27. Prior to her termination, Plaintiff had received no warnings or notifications that her performance was anything less than what was expected.

28. Based on the foregoing, Defendant discriminated against Plaintiff based on her sex.

29. Based on the foregoing, Defendant retaliated against Plaintiff for her perceived involvement in a national origin discrimination complaint.

30. Defendant's illegal behavior has caused Plaintiff to suffer humiliation, embarrassment, duress, and a loss of wages and other rights and benefits.

31. Defendant's discriminatory behavior displays an ignorance of the requirements of Title VII and the NYSHRL, and is in reckless disregard for Plaintiff's protected rights.

5

**FIRST CLAIM FOR RELIEF**
(Title VII –National Origin Discrimination)

32. Plaintiff repeats and realleges each and every allegation contained herein.

33. Defendant unlawfully discriminated against Plaintiff based on her national origin in violation of *Title VII of the Civil Rights Act of 1964*, as amended, 42 U.S.C. Section 2000e et seq., the Civil Rights Act of 1991.

34. As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, and other employment benefits.

35. As a proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

36. The conduct of Defendants was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of punitive damages from Defendant in an amount to be determined at trial.

**SECOND CLAIM FOR RELIEF**
(Title VII – Sex Discrimination)

37. Plaintiff repeats and realleges each and every allegation contained herein.

38. Defendant unlawfully discriminated against Plaintiff based on her sex in violation of *Title VII of the Civil Rights Act of 1964*, as amended, 42 U.S.C. Section 2000e et seq., the Civil Rights Act of 1991.

39. As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, and other employment

benefits.

40. As a proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

41. The conduct of Defendants was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of punitive damages from Defendant in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
(NYSHRL –National Origin Discrimination)

42. Plaintiff repeats and realleges each and every allegation contained herein.

43. Plaintiff has been discriminated against by Defendant on the basis of her national origin in violation of NYSHRL, in that Defendant engaged in a course of conduct, as stated above, which resulted in an adverse employment action.

44. As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, and other employment benefits.

45. As a proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

46. Plaintiff is entitled to an award of actual and compensatory damages.

## FOURTH CLAIM FOR RELIEF
(NYSHRL –Sex Discrimination)

47. Plaintiff repeats and realleges each and every allegation contained herein.

48. Plaintiff has been discriminated against by Defendant on the basis of her sex origin in violation of NYSHRL, in that Defendant engaged in a course of conduct, as stated above, which resulted in an adverse employment action.

49. As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, and other employment benefits.

50. As a proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

51. Plaintiff is entitled to an award of actual and compensatory damages.

## DEMAND FOR JURY TRIAL

52. Plaintiff repeats and realleges each and every allegation contained herein.

53. Plaintiff hereby demands a trial by jury.

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendant herein alleged, Plaintiff demands judgment:

a. Awarding Plaintiff back pay and all benefits which would have been afforded Plaintiff but for said discrimination and retaliation;

b. Reinstatement of Plaintiff to her position with Defendant, or front pay in lieu of reinstatement;

c. Awarding Plaintiff compensatory damages and damages for mental anguish and emotional distress on all Claims for Relief;

8

    d.  Awarding Plaintiff reasonable attorneys' fees where available by statute;

    e.  Awarding Plaintiff punitive damages under Title VII;

    f.  Awarding Plaintiff pre and post judgment interest on all Claims for Relief;

    g.  Awarding Plaintiff the costs and disbursements of this action, including expert fees and disbursements.

Dated: Coram, New York
       January 21, 2016

                        **THE SANTIAGO LAW FIRM, P.C.**

              By:   *Jose G. Santiago*
                     Jose G. Santiago, Esq.
                     356 Middle Country Road, Suite 311
                     Coram, New York 11727
                     (631) 240-4355
                     jose@santiagolawfirm.com
                     *Attorneys for Plaintiff*